**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DEMARIO LADARL PEMBERTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:12CR55-1 |
| ) | 1:14CV1042 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On August 1, 2012, this Court (per then-Chief United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, inter alia, an 82-month prison term, upon his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 11; see also Docket Entry 1 (Indictment); Docket Entry 10 (Plea Agreement); Docket Entry 15 (Plea Hrg. Tr.); Docket Entry 16 (Sent'g Hrg. Tr.).)[1] On January 31, 2013, the United States Court of Appeals for the Fourth Circuit affirmed. United States v. Pemberton, 508 F. App'x 234 (4th Cir. 2013). Petitioner did not seek certiorari review in the United States Supreme Court. (Docket Entry 23, ¶ 9(g).)

On November 10, 2014, the Court stamped-as-filed Petitioner's undated "Motion for Judicial Notice" in which he asserted that the inclusion in his advisory Sentencing Guidelines calculation of an offense level increase under U.S.S.G. § 2K2.1(b)(6)(B), based on

───────────────

[1] Parenthetical citations refer to Petitioner's criminal case.

his possession of a firearm in connection with a robbery, violated federal constitutional principles announced in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), because state officials previously had dismissed a related, state robbery charge. (Docket Entry 20.)[2]  The Court promptly dismissed Petitioner's Motion for Judicial Notice as procedurally-defective and sent him a form for filing a motion under 28 U.S.C. § 2255. (Docket Entries 21, 22, 25.)[3]  On December 1, 2014, the Court docketed Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), which he signed as submitted to prison officials for mailing on November 27, 2014. (Docket Entry 23.)  The United States has moved for dismissal (Docket Entry 27) and Petitioner has responded (Docket Entry 29).  The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that, in light of the decisions in Alleyne and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the offense level increase under U.S.S.G. § 2K2.1(b)(6)(B), for possessing a firearm in connection with a robbery, violated the United States Constitution, because state

---

[2] The envelope that conveyed Petitioner's Motion for Judicial Notice bears a post-mark of November 7, 2014.  (Docket Entry 20-1.)

[3] The Recommendation served on Petitioner in connection with that procedural dismissal stated that, "[t]o the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following refiling by Petitioner."  (Docket Entry 21 at 2 n.1.)

officials previously had dismissed a related, robbery charge. (Docket Entry 23, ¶ 12(Ground One)(a) & (Ground Two)(a).) "A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period to file a claim under Section 2255 commenced on or about May 1, 2013, i.e., 90 days after the Fourth Circuit affirmed his conviction and his time to seek certiorari review passed. Clay v. United States, 537 U.S. 522 (2003). That one-year period expired on or about May 1, 2014, more than six months before Petitioner filed his procedurally-defective Motion for Judicial Notice and almost seven months before he submitted his Section 2255 Motion. Accordingly, if Paragraph (1) of Subsection 2255(f)

3

applies, Petitioner's Section 2255 Motion is untimely (absent any showing of entitlement to equitable tolling, see generally Holland v. Florida, 560 U.S. 631 (2010) (discussing equitable tolling in analogous context of 28 U.S.C. § 2244(d))).

Petitioner does not argue that Paragraph (2) of Subsection 2255(f) applies to his Section 2255 Motion. (See Docket Entry 23, ¶ 18; Docket Entry 29.) To the extent Petitioner seeks application of Paragraph (3) of Subsection 2255(f) (see Docket Entry 23, ¶ 18 (stating, in response to inquiry as to timeliness, "Simmons is retroactive [and] Alleyne is a Supreme Court case in the 4th Cir.")), his effort falls short because the United States Supreme Court did not decide Simmons and "Alleyne has not been made retroactively applicable to cases on collateral review," United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 27, 2013); see also 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme Court decisions "made retroactively applicable to cases on collateral review"); United States v. Thomas, Nos. 3:14CV345FDW, 3:92CR284FDW3, 2014 WL 2931077, at *2 (W.D.N.C. June 30, 2014) (unpublished) ("[The] [p]etitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne. Section 2255(f)(3) does not apply to render the petition timely, as Alleyne has not been held to be retroactive on collateral review." (internal citation omitted)), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014).

Nor could Petitioner rely on any change in the law affected by Alleyne or Simmons to secure either delayed accrual under Paragraph (4) of Subsection 2255(f) or equitable tolling. See Whiteside v. United States, 775 F. 3d 180, 183-87 (4th Cir. 2014) (en banc) (holding that court rulings generally do not trigger application of Paragraph (4) of Subsection 2255(f) or warrant equitable tolling and applying that general rule as to Simmons); United States v. Mitchell, No. 2:01CR82-2, 2014 WL 5106402, at *4 (D. Vt. Oct. 10, 2014) (unpublished) (deeming equitable tolling unavailable because "the circumstance of the new rule announced in Alleyne is not extraordinary . . . [particularly given that] § 2255(f)(3) covers the possibility of new rights announced by the Supreme Court"); Edwards v. United States, No. 3:12CV717WHA, 2014 WL 5113607, at *3 (M.D. Ala. Sept. 29, 2014) (unpublished) (declining to grant equitable tolling as to Alleyne claim because "judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances"); United States v. Lester, No. 1:04CR70, 2014 WL 988633, at *2 (W.D. Va. Mar. 13, 2014) (unpublished) ("[T]he court decision[] in . . . Alleyne . . . [is] not [a] fact[] for purposes of § 2255(f)(4) . . . .").[4]

---

[4] Alternatively, if the Court judged the timeliness of Petitioner's instant claim(s) from the date of the decisions in Alleyne and/or Simmons, he would still run afoul of the one-year limitation period because both decisions pre-date Petitioner's filing of his Section 2255 Motion (as well as his procedurally-defective Motion for Judicial Notice) by more than a year.

5

Petitioner's Section 2255 Motion also appears to seek equitable tolling based on the assertion that he "never understood [his] rights of filen [sic] motions and was not fully explain [sic] to by [his] lawyer the nature of [his] charge." (Docket Entry 23, ¶ 18.) The latter portion of that statement has no bearing on Petitioner's failure to file a Section 2255 Motion within a year of his conviction becoming final. See Johnson v. Hunt, No. 1:08CV20-03-MU, 2008 WL 624431, at *3 (W.D.N.C. Mar. 4, 2008) (unpublished) ("Whether [the] [p]etitioner received ineffective assistance of counsel at trial or on appeal is not a reason for failing to file a federal habeas petition on time."), appeal dismissed, 305 F. App'x 973 (4th Cir. 2009).[5] Further, to the extent Petitioner contends he lacked knowledge of his right to file a Section 2255 Motion, that contention does not support equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven

---

[5] Moreover, the record conclusively refutes any suggestion that Petitioner did not understand the charge in this case. (See Docket Entry 15 at 3-4 (documenting Petitioner's sworn admission that, after talking with his counsel, he understood the charge against him and that he was "fully satisfied with the services rendered on [his] behalf by [his] attorney"), 7-8 (memorializing Petitioner's acknowledgment under oath that he "had an opportunity to speak with [his] attorney concerning the [S]entencing [G]uidelines and how they may affect [him]," as well as his understanding "that at sentencing the Court will make appropriate findings of fact to determine the advisory guideline range"), 9-10 (setting forth Petitioner's averment that "[his] attorney explained to [him] the essential elements of the offense that [he was] charged with that the Government would have to prove beyond a reasonable doubt in the event [he] elected to have a jury trial" and that he had no "questions as to what those elements are").)

6

in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

Petitioner's response to the dismissal motion by the United States "admits that [his Section 2255] [M]otion is untimely, but submits that it would be a manifest miscarriage of justice should [this] Court choose not to correct [his] sentence . . . [and] requests that [this] Court toll the 1 year statute of limitations so that justice may be served." (Docket Entry 29 at 1.) The Fourth Circuit, however, has rejected the view that "the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition . . . . Allowing consideration of the merits of time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered." Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003); see also United States v. Foote, ___ F.3d ___, ___, 2015 WL 1883538, at *1 (4th Cir. 2015) ("The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review."); Hill v. Smith, No. 1:13CV1099, 2014 WL 2434721, at *3 (M.D.N.C. May 29, 2014) (unpublished) ("Simply put, there is no 'fundamental miscarriage of justice' exception to the one-year limitation period — though there is an actual innocence exception . . . ."), appeal dismissed, 582 F. App'x 269 (4th Cir. 2014).

Finally, Petitioner cannot secure equitable tolling based on his bald declaration that he "was in the SHU (Special Housing Unit) and did not have the proper access to file a timely motion" (Docket Entry 29 at 2). See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); Reese v. United States, No. 11CV5432(DLI), 2012 WL 195607, at *2 (E.D.N.Y. Jan. 23, 2012) (unpublished) ("Simply being placed in the SHU alone does not constitute a basis for equitable tolling."); Allen v. Johnson, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009) (holding that "solitary confinement [and] lockdowns . . . do not qualify as extraordinary circumstances" warranting equitable tolling (internal quotation marks omitted)), appeal dismissed, 396 F. App'x 46 (4th Cir. 2010).

In sum, Paragraph (1) of Subsection 2255(f) applies and Petitioner's Section 2255 Motion is untimely.[6]

---

[6] Even if deemed timely, Petitioner's claim(s) would fail as a matter of law. First, because he attacks the calculation of his offense level under the advisory Guidelines, Petitioner cannot mount a federal constitutional attack based on Alleyne, "[a]s Alleyne had no effect on Guidelines enhancements," United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014); United States v. Allen, 567 F. App'x 175, 177 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 300 (2014). Second, Petitioner cannot rely on Simmons to make a federal constitutional challenge to the use of conduct beyond the elements of his offense of conviction to calculate his advisory Guidelines range, because Simmons did not address that subject; instead, "[t]he Simmons
(continued...)

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 27) be granted and that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 23) be dismissed without issuance of a certificate of appealability.

                                               /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                 **United States Magistrate Judge**

May 4, 2015

---

[6](...continued)
decision changed the way [the Fourth Circuit] determine[d] whether prior convictions for certain lower-level North Carolina felonies [we]re punishable by more than one year in prison," Miller v. United States, 735 F.3d 141, 145 (4th Cir. 2013). Third, the record of the Court's thorough plea colloquy with Petitioner (see Docket Entry 15 at 3-11) forecloses his apparent, belated attempt (in his response to the dismissal motion by the United States) to raise an ineffective assistance of counsel claim predicated on the conclusory assertion that his counsel "failed to explain aspects and to perform at a level of normality" (Docket Entry 29 at 2). See United States v. LeMaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements [affirming a plea agreement]."); see also Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.) ("Petitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis."), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.).